E. BRYAN WILSON
Acting United States Attorney

CHRISTOPHER D. SCHROEDER
Assistant United States Attorney
Federal Building & U.S. Courthouse
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: 907-271-5071
Fax: 907-271-1500
Email: christopher.schroeder@usdoj.gov

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>   vs.<br><br>RENE ALEJANDRO POMPA-VILLA,<br>CHRISTOPHER POMPA-VILLA,<br>VICTOR AUGUSTIN POMPA-VILLA,<br>CARLOS ARMANDO CAMACHO,<br>HEYDIMAR CARRION MARRERO,<br>KIMBERLY RENEE MACKEY,<br>DUSTIN ROBERT NOONAN,<br>TYLER JON LANDROCHE,<br>KYLE JAY REDPATH, AND<br>JESSICA TWIGG,<br><br>                Defendants. | No. 3:21-cr-00031-JMK-DMS |

**PARTIALLY UNOPPOSED MOTION FOR PROTECTIVE ORDER**

The United States hereby moves the Court for a protective order to safeguard against the disclosure of discovery materials to persons outside the defense team. The United States circulated the proposed protective order to all defense counsel on May 26. None of the defendants in this case indicated any objection.

Counsel for Carlos Camacho, Kimberly Mackey, Dustin Noonan, and Kyle Redpath, all indicated that they had no objection to the proposed order.

Counsel for Heydimar Marrero did not respond to the proposed order but did indicate previously that she was not likely to object to a protective order in this case.

Counsel for Tyler Landroche did not respond, but counsel was in trial during the week of May 24 before Judge Burgess in *United States v. Markanthony Sapalasan*, 3:18-cr-00130-TMB-MMS.

Counsel for Jessica Twigg requested one alteration to this protective order, which the United States made at #5.

Rene Pompa-Villa, Christopher Pompa-Villa, and Victor Pompa-Villa have not yet appeared before this Court, and no attorneys have entered appearances in this case on their behalf.

## ARGUMENT

The United States requests that the discovery in this case not be distributed, shown, or made available to individuals other than the defendants, their defense attorneys, defense investigators, or experts or consultants retained by defense counsel in relation to this case

Page 2 of 6	Govt. Mot. for Protective Order
*United States v. Pompa-Villa et al.*
3:21-cr-00031-JMK-DMS

Case 3:21-cr-00031-RRB-MMS   Document 92   Filed 05/31/21   Page 2 of 6

(hereafter "the defense team"). The United States asks that all members of the defense team make a good faith effort to prevent the unauthorized distribution of discovery (i.e. the defense team may not leave discovery unattended in a place where other persons not associated with the defense team may view it).

This Court has the power to issue "protective and modifying orders" regulating discovery. Fed. R. Crim. P. 16(d)(1). Specifically, "[a]t any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." *See Alderman v. United States*, 394 U.S. 165, 185 (1969) ("The trial court can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the materials").

The discovery in this case will involve the production of many thousands of pages of documents to defendants. Some of these documents, such as financial institution records, necessarily contain personally identifiable information (PII) about the defendants and other individuals and entities. Given the number of documents containing personally identifiable information and their possible relevance to the crimes charged in the Indictment, redaction of PII is not feasible. Nonetheless, PII must be protected from disclosure in the open public record. To the extent practicable, these privacy and confidentiality concerns should be respected by the parties to ensure that unnecessary harm is not caused during these proceedings.

The United States submits that a limited protective order covering the pre-trial use

Page 3 of 6

Govt. Mot. for Protective Order
*United States v. Pompa-Villa et al.*
3:21-cr-00031-JMK-DMS

Case 3:21-cr-00031-RRB-MMS   Document 92   Filed 05/31/21   Page 3 of 6

of these materials is appropriate and will not undermine the defendants' rights. The proposed order seeks to protect against the public disclosure of PII of defendants and third parties. Moreover, the protective order is narrowly tailored to cover only evidence obtained through the criminal discovery process and does not preclude any party from using such evidence in a filing that otherwise complies with the redaction rules or during a hearing or trial. *See* District of Alaska Electronic Filing Procedures Guide, Rule 27 (April 2019). In sum, these restraints on the use of criminal discovery are narrowly tailored to achieve the goals of protecting against unnecessary disclosure of confidential personal and business information and are justifiable uses of this Court's authority.

Moreover, the disclosure of discovery should be limited to those individuals who are personally and directly involved in preparing the defense and trial of this criminal case and for no other purpose. The indictment in this case alleges an interstate drug trafficking conspiracy.

The protective order should:

1. Prohibit the members of each defense team from distributing, disseminating, disclosing or exhibiting discovery to any person who is not part of that defense team (including representatives of the news media), and for any purpose other than preparing a defense of this case;

2. Require each counsel of record to ensure that every member of his/her defense team is advised of the protective order and has agreed to be bound by its terms;

Page 4 of 6

Govt. Mot. for Protective Order
*United States v. Pompa-Villa et al.*
3:21-cr-00031-JMK-DMS

Case 3:21-cr-00031-RRB-MMS   Document 92   Filed 05/31/21   Page 4 of 6

3. Require that if, in the course of preparing the defense in this case, counsel of record or any member of the defense team needs to show any discovery material to any person outside of the defense team (such as to a third-party witness), such person is notified of the limitations on further dissemination and agrees to be bound by the terms of this protective order and that the defense may not provide third parties with copies of discovery materials without further order of the Court;

4. Require that if disclosure of discovery to a person outside the defense team occurs, the discovery be shown only to, and not left with, such person; and

5. Require that at the conclusion of the proceedings in this case (including any appeals or habeas petitions), counsel of record shall:

- return the discovery to the United States,

- certify to the United States that said materials have been destroyed, or

- certify to the United States that counsel will store the case file, including all discovery, in a manner consistent with counsel's practice and will not produce the case file to anyone outside the Defense Team absent a court order.

Nothing in this motion or in the court's authorization should be construed as enlarging the Government's discovery obligations or creating any right to material not otherwise discoverable, as determined by the government or as directed by the Court.

## CONCLUSION

The United States respectfully requests that the Court issue an order prohibiting the

Page 5 of 6

Govt. Mot. for Protective Order
*United States v. Pompa-Villa et al.*
3:21-cr-00031-JMK-DMS

Case 3:21-cr-00031-RRB-MMS   Document 92   Filed 05/31/21   Page 5 of 6

defense team from disclosing discovery except as otherwise permitted in the Order.

RESPECTFULLY SUBMITTED this 26th day of May 2021, at Anchorage, Alaska.

E. BRYAN WILSON
Acting United States Attorney

*s/ Christopher D. Schroeder*
CHRISTOPHER D. SCHROEDER
Assistant U.S. Attorney
United States of America

**CERTIFICATE OF SERVICE**

I hereby certify that on May 31, 2021, a true and correct copy of the foregoing was served electronically on the following:

Danée Pontious
Brian Heady
T. Burke Wonnell
D. Scott Dattan
Randall Cavanaugh
Regan Williams
Bradley Carlson

*s/ Christopher D. Schroeder*
CHRISTOPHER D. SCHROEDER
Assistant U.S. Attorney
United States of America

Page 6 of 6	Govt. Mot. for Protective Order
*United States v. Pompa-Villa et al.*
3:21-cr-00031-JMK-DMS

Case 3:21-cr-00031-RRB-MMS   Document 92   Filed 05/31/21   Page 6 of 6