E. BRYAN WILSON
Acting United States Attorney

CHRISTOPHER SCHROEDER
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: christopher.schroeder@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> RENE ALEJANDRO POMPA-VILLA, ) <br> CHRISTOPHER POMPA-VILLA, ) <br> VICTOR AUGUSTIN POMPA- ) <br> VILLA, CARLOS ARMANDO ) <br> CAMACHO, HEYDIMAR CARRION ) <br> MARRERO, KIMBERLY RENEE ) <br> MACKEY, and DUSTIN ROBERT ) <br> NOONAN ) <br> ) <br> Defendants. ) | Case No. 3:21-cr-00031-JMK-MMS |

**JOINT PROPOSED MOTION FOR DISCOVERY PLAN AND
PRETRIAL MOTION SCHEDULE IN A COMPLEX CASE**

Now comes the parties to this case and hereby jointly submit this proposed

Discovery Plan and Pretrial Motion Schedule. This Order is binding on all counsel in

this case unless otherwise order and is not subject to amendment by the parties without Court approval.

This Court declared this case complex on July 20, 2021. Dkt. 143. No trial date is currently set. The parties propose a final pretrial and trial by jury date of **Monday, October 3, 2022**. The deadlines below represent the latest possible dates on which the parties have to produce evidence relevant to each particular category. In the spirit of continued cooperation, the Court expects the parties to provide discovery prior to those dates when feasible. The Government must maintain a list of all discovery provided to the defendants and the date on which it produced each item.

All parties acknowledge their ongoing responsibility to turn over any new discoverable material.

## Discovery and Inspection Plan

(1) **Defendants' oral, written, or recorded statements** as described in Fed. R. Crim. P. 16(a)(1)(A) and (B) shall be disclosed **no later than April 1, 2022**.

(2) **Defendants' prior records** as described in Fed. R. Crim. P. 16(a)(1)(D) shall be disclosed **no later than April 1, 2022**.

(3) **All documents and objects** as described in Fed. R. Crim. P. 16(A)(1)(E) shall be produced **no later than April 1, 2022**.

(4) This Court previously ordered the Government to comply with its disclosure obligations under **Brady v. Maryland, 373 U.S. 83 (1963)**, at the arraignments for Defendants Noonan, Mackey, Redpath, Landroche, Marrero, Christopher Pompa-Villa,

and Rene Pompa-Villa. Dkts. 28, 33, 39, 47, 89, 123, and 128. Consistent with those prior orders, the Government shall provide any documents and tangible evidence, as well as oral statements, or other evidence which tends to exculpate a defendant, or is favorable or useful to the defense on the issues of guilt or punishment, or is otherwise subject to disclosure as exculpatory material, to all defendants pursuant to its *Brady* obligations.

(5) **Government reports of examinations and tests** as described in Fed. R. Crim. P. 16(a)(1)(F), excluding the expert reports described above, shall be produced by **April 1, 2022**.

(6) Defense **reports of examinations and tests** as described in Fed. R. Crim. P. 16(b)(1)(B), excluding the expert reports described above, shall be produced by **April 1, 2022**.

(7) **Defense documents and objects** as described in Fed. R. Crim. P. 16(b)(1)(A) shall be disclosed or made available for inspection by the Government by **April 1, 2022**.

(8) The Government will notify defendants by **May 2, 2022** of its intent to use at trial any testimonial statements of any co-conspirators that inculpate a codefendant, and the Government will identify those statements as specifically as possible.

(9) Reciprocal discovery from the defendants under Fed. R. Crim. P. 16(b)(1)(A) and (B) shall be disclosed to the Government by **June 17, 2022**.

(10) The **Government will identify any experts** it intends to use in its case-in-chief pursuant to Fed. R. Evid. 702, 703, and 705 by **August 1, 2022**.

(11) The Government shall produce all **expert reports and summary of expert**

**testimony** during its case-in-chief pursuant to Fed. R. Crim. P. 16(A)(1)(G) by **August 1, 2022**.

(12) The **defendants will identify any experts** they intend to use at trial pursuant to Fed. R. Evid. 702, 703, and 705 by **August 15, 2022**.

(13) The defendants shall produce any expert reports to the Government by **August 15, 2022.**

(14) The Government shall provide notice of any **evidence of other crimes, wrongs, or acts** by the defendants that the Government seeks to use at trial pursuant to Evid. R. 404(b) by **September 2, 2022**.

(15) The Government shall provide notice of any **evidence of conviction of a crime** by the defendants that the Government seeks to use at trial pursuant to Evid. R. 609 by **September 2, 2022**.

(16) The Government will notify defendants by **September 2, 2022** of its intent to use at trial any statements of coconspirators that inculpate a codefendant and are viewed by the Government as non-testimonial. The Government will identify those statements as specifically as possible.

The Government shall **certify that all discovery required by law and this Order** has been provided to the defense by **September 2, 2022**.

//

//

//

### Pretrial Motions Deadlines

|  | Motion Deadline | Response Deadline |
|---|---|---|
| Motions related to discovery | **April 6, 2022** | **April 13, 2022** |
| Motions challenging the indictment or statutes involved; motions for bill of particulars | **April 6, 2022** | **April 13, 2022** |
| Motions to suppress evidence; motion to disclose confidential informants; motions challenging admissibility of evidence; motions to sever | **May 6, 2022** | **May 13, 2022** |
| Motions in limine | **September 2, 2022** | **September 9, 2022** |
| Motions related to experts | **September 2, 2022** | **September 9, 2022** |
| Motions in limine challenging whether statements of co-conspirators are non-testimonial | **September 12, 2022** | **September 19, 2022** |

Given the length of time provided by the Court for the completion of discovery and presentation of pretrial issues, no continuances of the pretrial motion deadlines will be granted absent compelling circumstances.

### Further Disclosures

(1) The Government shall produce all evidence that tends to adversely affect the credibility of a Government witness, and all disclosures required under ***Giglio v. United States*, 405 U.S. 150 (1972)**, which are not included in witness statements, by **September 2, 2022**.

(2) The Government shall disclose all *Jencks* Act material by **September 19,**

**2022**, 14 days before trial, unless there is further notice by the Government to delay disclosure due to specific, credible evidence of a bona fide threat to the safety of a particular witness.

Both the Government and the defendants have a continuing duty to disclose any additional evidence or material discovered before or during trial if the federal rules or this Court's order require its production. Such evidence must be promptly disclosed to the other party or to the Court.

If a party fails to comply with this discovery order, the Court may order that discovery or inspection occur by a certain date and in a certain manner; grant a continuance; prohibit the offending party from introducing the undisclosed evidence at trial; or enter any other order that is just under the circumstances.

RESPECTFULLY SUBMITTED September 30, 2021 at Anchorage, Alaska.

E. BRYAN WILSON
Acting United States Attorney

*s/ Christopher Schroeder*
CHRISTOPHER SCHROEDER
Assistant U.S. Attorney


COUNSEL FOR DEFENDANTS

*s/ Brian D. Heady*
BRIAN D. HEADY
Counsel for Carlos Armando Camacho

*s/ Danéé L. Pontious*
DANÉE L. PONTIOUS
Counsel for Heydimar Carrion Marrero

        *s/ Lance C. Wells*
        LANCE C. WELLS
        Counsel for Christopher Pompa-Villa

        *s/ Michelle Nesbett*
        MICHELLE NESBETT
        Counsel for Rene Alejandro Pompa-Villa

        *s/ Randall S. Cavanaugh*
        RANDALL S. CAVANAUGH
        Counsel for Kimberly Renee Mackey

        *s/ T. Burke Wonnell*
        T. BURKE WONNELL
        Counsel for Dustin Robert Noonan

**CERTIFICATE OF SERVICE**

I hereby certify that on September 30, 2021, a true and correct copy of the foregoing was served electronically via the CM/ECF system on the following:

Brian D. Heady
Danée L. Pontious
Lance C. Wells
Michelle Nesbett
Randall S. Cavanaugh
T. Burke Wonnell

*s/ Christopher Schroeder*
Office of the U.S. Attorney

*U.S. v. Rene Pompa-Villa, et al.*
3:21-cr-00031-JMK-MMS          Page 7 of 7